UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TYRONE DOTSON

    Plaintiff,
vs.

UNIVERSITY OF MIAMI

    Defendant
_____/

**COMPLAINT FOR DAMAGES**

Tyrone Dotson ("Dotson") sues Defendant, University of Miami ("Miami") and alleges as follows:

**Jurisdiction**

1. This is an action for damages to redress the deprivation of rights secured by the Employee Retirement Income Security Act ("ERISA") 29 USC 1161 *et seq*. as amended by the Comprehensive Omnibus Budget Rehabilitation Act ("COBRA"), 29 USC 1161 *et seq*.

2. Under COBRA, an employer must notify the administrator within 30 days of the Qualifying Event (*ie* termination). And in turn, the administrator must provide a terminated employee with notification of his or her right to receive continued health insurance benefits ("COBRA Notification") within 14 days.

**Parties/ Jurisdiction and Venue**

3. At all times material hereto, Dotson was an employee of Miami. Dotsons employment was terminated on or about February 3, 2020.

4. At all times material hereto, Miami was doing business in South Florida at 10451

NW 117th Ave, Medley, FL 33146.

5. Dotson was an employee of Miami and was a participant in a Group Health Insurance Plan offered by Miami.

6. At all times material hereto, Miami employed twenty or more employees and therefore was subject to the notice requirements of COBRA under 29 USC 1161.

7. The unlawful practices herein were committed by Miami in the State of Florida.

8. This Court has jurisdiction over the actions asserted herein pursuant to 29 USC 1132. Venue is proper in this district pursuant to 28 USC 1391.

**General Allegations**

9. Dotson was an employee of Miami at its location located at 10451 NW 117th Ave., Medley, FL 33146 until February 3, 2020, when Dotson's employment was terminated.

10. Dotson's termination on or about February 3, 2020, was a "qualifying event" as defined by 29 USC 1163.

11. Although Miami was aware of Dotson's need for health insurance, it failed to notify the administrator of the Qualifying Event within 30 days and therefore, Dotson never received COBRA Notification.

12. As a Plan Administrator Clinic failed to notify Dotson of his right to continuation of benefits under COBRA.

13. Had Dotson received the COBRA notification in a timely manner, he would

have exercised his right to continued health insurance coverage under COBRA.

14. Miami to date has still not provided COBRA notification to Dotson.

15. Dotson has retained the undersigned lawyer and has agreed to pay it a reasonable fee for its services.

16. All conditions precedent to the bringing of this action have been performed waived or excused.

## Count I
### (Failure to send Notice of COBRA Rights)

17. Dotson realleges and reavers the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Dotson was a covered employee under COBRA.

19. Miami breached its fiduciary duty as an employer/plan sponsor by failing to provide the administrator with Notice of Dotson's termination (*ie* Qualifying Event).

20. Miami breached its fiduciary duty as the administrator by failing to provide the required notice to Dotson for him to elect the continuation of his insurance coverage.

21. Pursuant to 29 CFR 2575.502c-1, an administrator who failed to provide the requisite COBRA notification may be liable to a participant/beneficiary for up to $100 per day from the date of such failure.

22. As a result of Miami's violation of the COBRA statute, Dotson is entitled to recover damages of $110 per day from the date Miami violated the COBRA statute to the present and continuing until the COBRA Notification is effected.

23. Moreover, Dotson is entitled to recover all the medical expenses he has incurred due to Miami's violations and other appropriate relief to be determined at trial.

24. Dotson is further entitled to all of its attorneys' fees and costs pursuant to 29 USC 1132(g)(1).

WHEREFORE, Dotson seeks entry of judgment against Clinic for an award of all reasonable medical expenses incurred that were not covered, for the statutory violation of $100 per day, for reasonable attorneys fees and court costs and for any other relief this Court deems just and proper under the circumstances.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Behren Law Firm
1930 N. Commerce Parkway
Suite 4
Weston, Florida 33326
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
    Scott M. Behren
    Florida Bar No. 987786