UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 23-cv-24165-BB

TYRONE DOTSON,

Plaintiff,

v.

UNIVERSITY OF MIAMI,

Defendant.
_____/

**DEFENDANT UNIVERSITY OF MIAMI'S
ANSWER AND DEFENSES**

Defendant, University of Miami ("UM"), pursuant to the Federal Rules of Civil Procedure, responds to each paragraph of Plaintiff Tyrone Dotson's Complaint as follows:

**Jurisdiction**

1. As to paragraph 1, UM admits only that Dotson purports to assert an action under the referenced statutes, but denies that Dotson is entitled to any relief whatsoever thereunder.

2. As to paragraph 2, UM admits only that the requirements of COBRA are those stated in the statute, but denies Dotson's characterization of COBRA and its requirements, or that he is entitled to any relief whatsoever thereunder.

**Parties/Jurisdiction and Venue**

3. As to paragraph 3, UM admits only that Dotson is a former UM employee terminated on or about February 3, 2020.

4. As to paragraph 4, UM admits only to having a location at 10451 NW 117th Ave, Medley, FL 33178.

5. As to paragraph 5, UM admits only that Dotson is a former UM employee that was covered by a UM group health benefit plan, but denies that Dotson is entitled to any relief whatsoever thereunder.

6. As to paragraph 6, UM admits only that UM employed twenty or more employees, but denies Dotson's characterization of COBRA and its requirements, or that he is entitled to any relief whatsoever thereunder.

7. As to paragraph 7, UM admits only that Dotson purports to assert conduct by UM in the State of Florida, but denies that UM engaged in any unlawful practice Dotson purports to assert.

8. As to paragraph 8, UM admits only that the statutory basis under which Dotson purports to proceed makes this an action within the subject matter jurisdiction of this Court, which is also the proper venue for this action against UM.

## General Allegations

9. As to paragraph 9, UM admits only that Dotson is a former UM employee terminated on or about February 3, 2020.

10. As to paragraph 10, UM admits only that Dotson was terminated on or about February 3, 2020, but denies Dotson's characterization of COBRA and its requirements, or that he is entitled to any relief whatsoever thereunder.

11. As to paragraph 11, UM denies Dotson's allegations.

12. As to paragraph 12, the allegations are not against UM, but to the extent this is a typographical error and Dotson seeks to implicate UM, UM denies Dotson's allegations.

13. As to paragraph 13, UM denies Dotson's allegations.

14. As to paragraph 14, UM denies Dotson's allegations.

15. As to paragraph 15, UM lacks knowledge or information sufficient to form a belief about

the truth of the allegation, and therefore denies the same.

16. As to paragraph 16, UM denies that this action was filed "after an inquiry reasonable under the circumstances", as Rule 11(b) of the Federal Rules of Civil Procedure mandates.

## Count I
## Failure to Send Notice of COBRA Rights

17. As to paragraph 17, UM incorporates its responses to paragraphs 1-16 herein.

18. As to paragraph 18, UM admits only that Dotson was an employee subject to COBRA, but denies that UM violated COBRA or that Dotson is entitled to any relief whatsoever thereunder.

19. As to paragraph 19, UM denies Dotson's allegations.

20. As to paragraph 20, UM denies Dotson's allegations.

21. As to paragraph 21, UM denies Dotson's characterization of COBRA and its requirements, or that he is entitled to any relief whatsoever thereunder.

22. As to paragraph 22, UM denies Dotson's allegations.

23. As to paragraph 23, UM denies Dotson's allegations.

24. As to paragraph 23, UM denies Dotson's allegations.

25. UM denies any other allegation not specifically admitted above.

## Defenses

Dotson's requested relief is barred as a matter of law, including because of the following defenses, as well as the additional defenses uncovered through the course of the action:

1. Dotson is not entitled to any relief because a COBRA notice was sent to Dotson as required.

2. Dotson had an obligation to use reasonable diligence to mitigate any purported damages, including by enrolling in alternative health insurance, but he failed to do so.

Respectfully submitted,

By: *s/Eric Hernandez*
Eric A. Hernandez
Fla. Bar No. 340730
Arturo Martinez
Fla. Bar No. 526231
Hernandez Lee Martinez, LLC
P.O. Box 531029 (mailing address only)
Miami, FL 33153
(305) 842-2100
eric@hlmlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that along with this filing on December 11, 2023, a copy of this document is being served on Plaintiff's counsel via the CMECF system.

*s/Eric Hernandez*
Eric A. Hernandez

Scott M. Behren, Esq.
scott@behrenlaw.com
*Counsel for Plaintiff*